**ASSOCIATES INVESTMENT COMPANY, Appellant,**

v.

**MICHIGAN NATIONAL BANK, Appellee.**

**No. 16667.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 3, 1965.

Rehearing Denied Jan. 7, 1966.

McGown, Godfrey, Logan & Decker, and John W. McMackin and Henry O. Getchell, Fort Worth, for appellant.

Garrett & Garrett, and Rufus Garrett, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

The question to be resolved in the instant case is whether,—under Texas' motor vehicle "Certificate of Title Act", Vernon's Ann. Texas Penal Code, Art. 1436–1,—a mortgage lien upon a new vehicle under the "transferee" dealer's "floor plan" may be either destroyed or made subsidiary to the mortgage lien of a financing agency becoming interested incident to the subsequent "first sale" thereof by the dealer to his customer purchaser merely because the "manufacturer's certificate" retained in the exclusive possession of the mortgagee under the "floor plan" did not at such time have noted thereon "the date, name, and address of the mortgagees whose rights arise out of or are incident to such first sale by reason of the ex-

ecution of any written instrument by the transferee." (Quoted language at end of sentence is an excerpt from § 41 of the Act.)

■ Our holding is that § 41 of Art. 1436-1, the portion of the Certificate of Title Act which appellant advances in support of its contention upon priority of lien, is without application to a "certificate" which is at that time in the exclusive control of the mortgagee under the "transferee" dealer's "floor plan". The "first sale" of a motor vehicle (see § 7 of the Act) involves the licensing, registration, and recording of the same by the prescribed agency of the State of Texas—being the first instance wherein information relating thereto becomes a part of official records. As applied to the question of priority of liens it is as of the time of such a "first sale" that the form and condition of a "manufacturer's certificate" is material and controlling,—but that is true only as applied to the certificate to be exhibited and presented to the state agency (along with an application for a certificate of title) charged with the execution of those duties of licensing, registration, and recording to be performed in behalf of the State of Texas. Without participation or consent of the original mortgagee its security may not be destroyed or impaired by the unilateral act of another. (We are not here concerned by anyone in the position of an innocent purchaser.) Where a spurious "manufacturer's certificate" is exhibited and presented no action of the state agency may be given an effect which will destroy or impair the pre-existent lien of the mortgagee under a "transferee" dealer's "floor plan."

■ "Floor planning" of motor vehicles is generally understood by all attorneys to whose attention this opinion might be directed. There is no occasion to explain it. The question of whether the Michigan National Bank, the financing agency on a dealer's "floor plan", may have lost its lien on certain house trailers which the dealer had sold arose as the result of the dealer's

forging of "manufacturer's certificates" and (as a purported accommodation to purchasers) presenting them as a portion of the instruments required under the law to be exhibited to the State's agency for purposes of licensing and registering such vehicles. The financing of the purchasers of the vehicles had been arranged with Associates Investment Company and this fact was disclosed, hence the purchasers received certificates of title which showed that the holder of the first and only lien as to each vehicle was that company.

The dealer received the price for which each vehicle was sold but failed to deliver to Michigan National Bank the money necessary to extinguish its lien. It was to protect against such a contingency that the bank withheld the "manufacturer's certificate" as to each vehicle. None of these certificates showed any interest in the vehicle described therein by the bank. Indeed, nothing therein contained gave the name or address of the bank. The forged certificates used in securing Texas certificates of title differed from those in the hands of the bank in only a single material particular, that being the forged signature of the officer of the manufacturer which had delivered the certificates to the Michigan National Bank.

Through agreement the case was reduced to one where resolution of the legal problem of priority of lien will determine whether the Michigan National Bank or the Associates Investment Company is to receive money now on hand.

There seems to have been no prior decision of the exact question decided here. We have decided to refrain from any lengthy discussion and analysis. All points of error are overruled. We have alread. stated that the lien of the Michigan National Bank was and remained first and prior to that of the Associates Investment Company. That was the premise for the judgment of the trial court.

Judgment is affirmed.